UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
AUG 0 8 2008

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CHRISTOPHER JAMES SPRAW, | * | CIV 08-4070   CIV 08-4096 |
| HARRY T. NUCHOLS, | * | CIV 08-4099   CIV 08-4107 |
| CLIFTON DALE CONVERSE, | * | CIV 08-4108   CIV 08-4118 |
| GEORGE B. COEN, | * | |
| JAMES A. PLINE, and | * | |
| RAMON GUEL, JR., | * | |
| | * | ORDER RE: CONSOLIDATION |
| Petitioners, | * | AND RESPONSE |
| | * | |
| -vs- | * | |
| | * | |
| ARCHIE LONGLEY, Warden, | * | |
| Yankton Prison Camp, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner, Christopher James Spraw, an inmate at the Federal Prison Camp in Yankton, South Dakota, petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2241 in an application which was filed on May 20, 2008. Petitioner Spraw relies on *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir.2008), in asserting that the Bureau of Prisons (BOP) has violated the Administrative Procedure Act by categorically excluding from early release for the successful completion of a residential substance abuse program, prisoners, including Petitioner Spraw, who have been convicted of offenses involving the possession, carrying, or use of firearms. The Ninth Circuit in directing the district court to grant habeas relief in *Arrington,* held that the BOP has failed to set forth a valid rationale for its categorical exclusion rule and that Section 706 of the Administrative Procedure Act requires that the BOP set forth such a rationale[1].

---

[1] The holding of the Ninth Circuit has been rejected by the Eastern District of Arkansas, see *Gatewood v. Outlaw*, 2008 WL 2002650 (E.D. Ark. May 8, 2008), and the issue presented in *Arrington* is being considered in other courts. *See, e.g., Broadway v. Bledsoe*, 2008 WL 2439725 (S.D. Ill. June 13, 2008).

There have been several additional §2241 petitions filed in this district by other inmates at the Federal Prison Camp in Yankton, South Dakota, that raise the same claim as that raised by Petitioner Spraw. These petitions were filed in the following cases: *Harry T. Nuchols v. Longley*, CIV 08-4096; *Clifton Dale Converse v. Longley*, CIV 08-4099; *George B. Coen v. Longley*, CIV 08-4107; *James A. Pline v. Longley*, CIV 08-4108; and *Ramon Guel, Jr. v. Longley*, CIV 08-4118.[2] Respondent Warden Longley has moved to consolidate the above-referenced cases.

Rule 42(a) of the Federal Rules of Civil Procedure permits the consolidation of actions involving common questions of law or fact, and issuance of orders concerning proceedings that may tend to avoid unnecessary costs or delay. The legal issue presented in *Arrington* is contained in all of the above § 2241 petitions, although some of the above-referenced petitions raise additional claims.

In *Harry T. Nuchols v. Longley*, CIV 08-4096, the petitioner, who was convicted in the District of Vermont, raises a number of ineffective assistance of counsel claims as well as claimed errors by the district court in Vermont in sentencing the petitioner. In *George B. Coen v. Longley*, CIV 08-4107, the petitioner, who was convicted in the District of Wyoming, raises an ineffective assistance of counsel claim regarding his attorney's handling of the sentencing enhancement for possession of a firearm. In *James A. Pline v. Longley*, CIV 08-4108, the petitioner, who was convicted in the Central District of Illinois, also raises an ineffective assistance of counsel claim regarding his attorney's handling of the sentencing enhancement for possession of a firearm as well as an ineffective assistance of counsel claim for counsel's alleged failure to address a special condition of supervised release.

This Court is dismissing without prejudice the additional claims raised in the habeas petitions in the cases which are referenced in the preceding paragraph. Dismissal of those claims is warranted because none of the petitioners have satisfied the requirements of the "savings clause" of

---

[2] In *Manuel C. Villaluz, v. Longley*, CIV08-4088, the Petitioner also filed a habeas petition under 28 U.S.C. § 2241 seeking to have this Court apply the Ninth Circuit's decision in *Arrington v. Daniels*, 513 F.3d 1106 (2008), to his case. However, a status report has been filed in that case advising that Villaluz has been transferred from the Federal Prison Camp in Yankton, South Dakota to a federal prison in Hawaii where it is anticipated the holding in *Arrington* will apply to him. His case will then be rendered moot.

28 U.S.C. § 2255(e). That clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Generally, a petitioner seeking to challenge his federal sentence or conviction must do so in the sentencing court, through a motion to vacate under 28 U.S.C. § 2255, and cannot use the habeas corpus statute under 28 U.S.C. § 2241 to challenge his conviction without first showing that the statute governing motions to vacate would be inadequate or ineffective. The remedy under 28 U.S.C. § 2255 is not inadequate or ineffective pursuant to the savings clause merely because a claim was previously raised in a motion to vacate and was denied, or because a remedy under the statute is time-barred. *See Abdullah v. Hedrick*, 392 F.3d 957 (8th Cir. 2004); *see also Hill v. Morrison* 349 F.3d 1089, 1092 (8th Cir. 2003)("A prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district.").

The Court concludes that the goals of Rule 42(a) would be met by consolidating those actions which present the issue presented in the *Arrington* case. The Court, therefore, is ordering the cases consolidated. All future filings in any of these cases should be made in CIV 08-4070, under the caption set forth above. Accordingly,

IT IS ORDERED:

1. That the following actions are consolidated with *Christopher James Spraw v. Longley*, CIV. 08-4070: *Harry T. Nuchols v. Longley*, CIV 08-4096; *Clifton Dale Converse v. Longley*, CIV 08-4099; *George B. Coen v. Longley*, CIV 08-4107; *James A. Pline v. Longley*, CIV 08-4108; and *Ramon Guel, Jr. v. Longley*, CIV 08-4118.

2. That all future filings in these consolidated actions shall be made in CIV. 08-4070, which is designated as the master file, with the caption set forth in this Order, or as later amended;

3. That if before this consolidated action is resolved any future actions are filed raising the single issue of whether the Bureau of Prisons' may categorically exclude prisoners who have been convicted of offenses involving the possession, carrying, or use of firearms, from early release for successful completion of a residential substance abuse program, those actions shall be consolidated with this action on the Court's own motion and the caption will be amended to include such petitioners' names;

4. That within 20 days of service of this Order, Respondent is directed to show cause why the writs in this consolidated action should not be granted; and

5. That for the reasons set forth in this memorandum opinion the claims other than the ones involving the issue presented in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir.2008), are dismissed in *Harry T. Nuchols v. Longley*, CIV 08-4096; *George B. Coen v. Longley*, CIV 08-4107; and *James A. Pline v. Longley*, CIV 08-4108.

Dated this 8th day of August, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *Shelly Margulies*
(SEAL)      DEPUTY